# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 16, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-15467-DD
Case Style: Alpine Straightening Systems, et al v. State Farm Mutual Automobile I, et al
District Court Docket No: 6:14-md-02557-GAP-TBS
Secondary Case Number: 6:14-cv-06003-GAP-TBS

Given that it appears that the Second Amended Complaint in this action was filed after the time for filing established by the district court's order dismissing without prejudice the First Amended Complaint, the Court has asked that the parties address:

1. Whether the dismissal without prejudice became a final judgment at the expiration of the allotted time for filing, see, e.g., Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1132 (11th Cir. 1994) ("[A]n order dismissing a complaint with leave to amend within a specified time period becomes final . . . when the time period allowed for amendment expires.");

2. Whether—assuming the judgment in this case did become final—the district court thereafter had jurisdiction to grant a motion to extend the time for filing the Second Amended Complaint, see id. at 1132–33 (finding that when a "dismissal order became final . . . the [district] court lost all its prejudgment powers to grant any more extensions");

3. Whether—assuming that the district court was without power to grant the motion to amend—the plaintiff body shops were required to seek relief from a final judgment under Fed. R. Civ. P. 59 or 60(b) before seeking leave to amend, see Jacobs v. Tempu-Pedic Intern., Inc., 626 F.3d 1327, 1344–45 (11th Cir. 2010);

4. Whether—assuming that the body shops were required to seek relief from the final judgment—the district court could have construed the motion to amend as a motion arising under Rule 59 or 60(b) and, given that it did not do so, whether this Court may construe the district court as having done so, see Pippen v. Georgia-Pacific Gypsum, LLC, 408 F. App'x 299, 302 (11th Cir. 2011) (collecting cases);

5. Whether—assuming that this Court has the power to so construe the district court's treatment of the motion to amend—we should do so here and, if we should, whether we should proceed under Rule 59 or Rule 60(b), specifically considering, in addition to any other relevant concerns, this Court's "demonstrated [] wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error," see Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993); and

6. Whether, based on the foregoing, this Court has jurisdiction over an appeal of the dismissal of the Second Amended Complaint?

The parties are strongly encouraged to file consolidated briefs. The parties shall file simultaneous letter briefs no longer than 15 pages, due 21 days from the date of this notice.


Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Sandra Brasselmon, DD/bmc
Phone #: (404) 335-6181

LetterHead Only